UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,**<br><br>     **Plaintiff,**<br><br>          v.<br><br>**CITY OF FRAMINGHAM,**<br>**et al.,**<br><br>     **Defendants.** | CIVIL ACTION<br>NO. 24-40007-DHH |

### REPORT AND RECOMMENDATION

**January 25, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the City of Framingham, Massachusetts, the "McDermott Revokeable [sic] Trust," James McDermott, and the McDermott Family. Plaintiff is confined at the Worcester Recovery Center and Hospital. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED as frivolous.

**I.      Factual Background**

Plaintiff alleges that on March 28, 1995, he filed a deed with the Registry of Deeds confirming Plaintiff as the sole owner of an unspecified property (the "Massachusetts property"). Dkt. No. 1. Plaintiff alleges that the property was not subject to a mortgage originally. *Id.* Plaintiff claims that Defendant McDermott "purchased the home out from under" Plaintiff on an unspecified date and mortgaged the property in support of an $800,000 loan. *Id.*

Plaintiff also alleges that he owns an "'S' chapter corporation" which underwent bankruptcy proceedings under Chapter 7 of the Bankruptcy Code, but the corporation did not

receive the value of property located at 6 Mallard Lane, Londonderry, New Hampshire (the "New Hampshire property"). *Id.* Plaintiff alleges that the New Hampshire property is valued at $789,000. *Id.* Plaintiff requests that both properties be returned to him so that he may sell them. *Id.*

Plaintiff's claim that Defendant McDermott wrongfully occupies his property is largely identical to claims Plaintiff has made in eight other actions filed in this Court between October 3, 2023, and January 22, 2024, concerning properties in New Hampshire and Massachusetts.[1] *Porter v. Morino*, C.A. 23-40133-MRG (concerning 16 Babson St., Wakefield, MA and 9 Brentwood Rd., North Reading, MA); *Porter v. Candia Police Dep't*, C.A. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. St. Onge*, C.A. No. 23-40149-MRG (concerning 355 Deerfield Rd., Allenstown, NH); *Porter v. D + C Revocable Family Trust.*, CA 23-40170-MRG (same).

Plaintiff has also alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of Plaintiff's lawsuits), the Malden District Court issued a harassment prevention order against a person named "Robert Porter," but that Plaintiff has been wrongfully committed for psychiatric treatment based on Morino's allegedly false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which he sought eviction of individuals living in New Hampshire properties which he claimed to own. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (ECF #19) (referring to 6 Mallard Ln., Londonderry, NH; 38 Ritar Cir. Rd., Northwood NH; 3 Longre Rd., Merrimack, NH).

## II. Discussion

### A. Frivolity

A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court is permitted to dismiss a case *sua sponte* without affording a plaintiff leave to amend his complaint when it is "crystal clear" that the plaintiff cannot prevail on the stated claims and any amendment would be futile. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

The Court concludes that the Complaint in this action, especially when viewed in the context of the Plaintiff's litigation history, lacks an arguable basis in fact. Nothing in the handwritten, bare bones complaint asserts a factual basis for Plaintiff's claims. In fact, the complaint makes little sense.

Regarding the Massachusetts property, and perhaps most glaringly, Plaintiff fails to identify its location, allege ownership of the Massachusetts property, or whether, for example, he holds a contractor's lien.  (To the contrary, in a motion which Plaintiff filed in a different action, Plaintiff attests that he does not own any real estate or financial instrument of value.  *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).)  Given the allegation that "McDermott purchased the home out from under me," it appears Plaintiff concedes McDermott owns the unidentified Massachusetts property.  The complaint fails to allege how the City of Framingham is involved in these claims.

Regarding the New Hampshire property, presumably, the allegation that Plaintiff wants to sell the property implies Plaintiff owns or believes he owns the property.  However, other that drawing such an inference, the allegation regarding the New Hampshire property is insufficient and makes no sense.  For instance, Plaintiff fails to specify how the City of Framingham or Defendant McDermott, both located in Massachusetts, are involved with a property in another state.  The Court cannot adjudicate claims regarding unspecified properties, let alone property located in another state.  It is clear that Plaintiff's claims lack a factual basis.

Furthermore, allowing Plaintiff to amend his complaint would be futile.  Plaintiff has routinely asked this Court, the state of New Hampshire, and the District of Massachusetts's Bankruptcy Court to adjudicate claims of wrongfully occupied property without providing any proof that he rightfully owns the property.  And, as noted, in an application to proceed *in forma pauperis* filed in another action, Plaintiff avers he owns no assets, including no real property. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).  The Court is mindful that a *sua sponte* dismissal without leave to amend is "strong medicine." *Gonzalez-Gonzalez*, 257 F.3d at 33.  However, Plaintiff filings and litigation history in

Massachusetts and New Hampshire strongly suggest his lawsuits are lacking a legal and factual basis.

Thus, the Court recommends this action be dismissed as frivolous and Plaintiff be denied leave to amend his complaint as doing so would be futile.

### IV.     Conclusion

For the reasons set forth above, the Court RECOMMENDS that the action be DISMISSED as frivolous.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).